UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                              Case No.: 8:10-cr-438-VMC-AAS

ALDEN BERNARD LEWIS, JR.

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Alden Bernard Lewis, Jr.'s pro se Motion for Compassionate Release (Doc. # 647), filed on April 13, 2023. The United States of America responded on May 9, 2023. (Doc. # 649). For the reasons set forth below, the Motion is denied.

**I.   Background**

On March 1, 2012, Mr. Lewis was sentenced to a 384-month term of imprisonment for two counts of using or carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. ## 323, 350). Mr. Lewis is 40 years old, and his projected release date is March 1, 2038.[1]

In November 2020, the Court denied Mr. Lewis's first motion for compassionate release, finding that his age and rehabilitative efforts did not constitute an extraordinary

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

and compelling reason for release. (Doc. # 536). Additionally, the Court held that Mr. Lewis would be a danger to the community if released and the Section 3553(a) factors did not favor early release. (Id. at 4-5).

Now, in the instant Motion, Mr. Lewis again seeks compassionate release from prison under Section 3582(c)(1)(A), as amended by the First Step Act. He argues that "in light of the changes to the sentencing guidelines for 'stacked 924(c) charges,' he is unconstitutionally sentenced" because he would receive a lower term of imprisonment if sentenced today. (Doc. # 647 at 5 & Ex. A). He also argues that "his predicate charges of Hobbs Act Robbery were dismissed making them 'acquitted conduct'" that does not support his Section 924(c) convictions and, furthermore, his "charges are not in violation of conduct that supports his 924(c) convictions." (Id. at 5). The United States has responded (Doc. # 649), and the Motion is now ripe for review.

## II. Discussion

The United States argues first that the Motion should be denied because Mr. Lewis has not established an extraordinary and compelling reason for compassionate release. (Id. at 5-6). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). Mr. Lewis argues that his sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted). "However, it does not alter the requirement that prisoners must first exhaust administrative remedies before seeking judicial relief." Id.

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a

3

serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; (3) the defendant is at least 65 years old and is experiencing serious deterioration in health due to aging after serving at least 10 years or 75 percent of his term of imprisonment, (4) the death or incapacitation of the caregiver of the defendant's minor children; or (5) the incapacitation of the defendant's spouse when the defendant would be the only available caregiver for the spouse. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Mr. Lewis bears the burden of establishing that compassionate release is warranted. See United States v. Johnson, No. 21-12629, 2022 WL 17246763, at *5 (11th Cir. Nov. 28, 2022) ("As the movant, Defendant had the burden of establishing his entitlement to early release under § 3582(c).").

In his Motion, Mr. Lewis does not rely on one of the enumerated, exclusive reasons for compassionate release. Rather, he emphasizes that he would receive a lighter sentence

4

if he were sentenced for these same offenses today and raises legal arguments about his Section 924(c) convictions. (Doc. # 647 at 5 & Ex. A). Under binding Eleventh Circuit precedent, such arguments cannot constitute extraordinary and compelling reasons for compassionate release.[2] See Bryant, 996 F.3d at 1248; United States v. Tucker, No. 21-12071, 2022 WL 1561485, at *2 (11th Cir. May 18, 2022), cert. denied, 214 L. Ed. 2d 189, 143 S. Ct. 386 (2022) ("The district court did not err when it found that it could not consider Congress's 2018 amendment to 18 U.S.C. § 924(c) when it analyzed whether Tucker showed extraordinary and compelling reasons for a sentence reduction under § 3582(c)(1)(A). Accordingly, the district court did not abuse its discretion when it denied Tucker's motion for a reduced sentence."); Johnson, 2022 WL 17246763, at *4 ("Defendant's argument that the district court nevertheless should have granted his § 3582(c) motion based on the First Step Act's expressly non-retroactive amendment to § 924(c) is foreclosed by this Court's binding precedent in Bryant.").

---

[2] Even if the Court could consider Mr. Lewis's legal arguments regarding his sentence in the context of a motion for compassionate release, these arguments lack merit for the reasons explained by the United States in its response. (Doc. # 649 at 7).

5

Even if any of Mr. Lewis's arguments established an extraordinary and compelling reason for compassionate release, compassionate release would still be inappropriate here. Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

The Court stands by its previous determination that Mr. Lewis is a danger to others and that the Section 3553(a) factors weigh against early release. (Doc. # 536 at 4-5). As the United States correctly notes, Mr. Lewis was "involved in a string of violent armed robberies and a carjacking that placed multiple victims in fear for their lives and at risk of serious injury." (Doc. # 649 at 7-8). Furthermore, Mr. Lewis had multiple convictions prior to this case, including aggravated assault and drug crimes. (Id. at 8; Doc. # 536 at 4). His prison disciplinary record also reveals troubling conduct. (Doc. # 649 at 8; Doc. # 535-2). Thus, Mr. Lewis would pose a danger to the community if released. Furthermore, releasing Mr. Lewis before he has served even half of his

sentence would not reflect the seriousness of his crimes or promote respect for the law.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Alden Bernard Lewis, Jr.'s pro se Motion for Compassionate Release (Doc. # 647) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of May, 2023.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE