UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No.: 8:10-cr-438-VMC-AAS

ALDEN BERNARD LEWIS, JR.

_____/

**ORDER**

This cause comes before the Court pursuant to Defendant Alden Bernard Lewis, Jr.'s pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 661), filed on March 11, 2024. The United States of America responded on April 2, 2024. (Doc. # 665). Mr. Lewis filed a construed reply. (Doc. # 666). For the reasons set forth below, the Motion is denied.

I. **Background**

On March 1, 2012, Mr. Lewis was sentenced to a 384-month term of imprisonment for two counts of using or carrying a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. ## 323, 350). Mr. Lewis is 41 years old, and his projected release date is March 1, 2038.[1]

---

[1] This information was obtained using the Bureau of Prisons' online inmate locator. See https://www.bop.gov/inmateloc/.

1

In November 2020, the Court denied Mr. Lewis's first motion for compassionate release, finding that his age and rehabilitative efforts did not constitute an extraordinary and compelling reason for release. (Doc. # 536). Additionally, the Court held that Mr. Lewis would be a danger to the community if released and the Section 3553(a) factors did not favor early release. (Id. at 4-5).

Later, in May 2023, the Court denied Mr. Lewis's second motion for compassionate release, finding again that no extraordinary and compelling reason for release was established and, regardless, Mr. Lewis was "a danger to others" and "the Section 3553(a) factors weigh against early release." (Doc. # 650 at 6).

Now, in the instant Motion, Mr. Lewis again seeks compassionate release from prison under Section 3582(c)(1)(A). He argues that compassionate release is appropriate because the mandatory sentence he received in 2012 for his two 18 U.S.C. § 924(c) convictions would be shorter if he were sentenced today under current law. (Doc. # 661 at 4-5). He also briefly notes his participation in "extensive programming and career training." (Id. at 5). The United States has responded (Doc. # 665), and Mr. Lewis has replied. (Doc. # 666). The Motion is now ripe for review.

**II. Discussion**

The United States argues first that the Motion should be denied because Mr. Lewis has not established an extraordinary and compelling reason for compassionate release. (Id. at 5-6). The Court agrees.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). The First Step Act of 2018 expressly permits district courts to reduce a previously imposed term of imprisonment. United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020). If the exhaustion requirement is satisfied, a district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

"Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying

3

relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence." United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

In his Motion, Mr. Lewis relies on the "unusually long sentence" category of extraordinary and compelling circumstances based on the stacking of his Section 924(c) charges. (Doc. # 661 at 4-5). If Mr. Lewis had been sentenced today, he would have received a lower sentence. (Id.). The Court assumes without deciding that Mr. Lewis has established an extraordinary and compelling reason for release.

Nevertheless, compassionate release will not be granted. As the Court has previously held, even "if any of Mr. Lewis's arguments established an extraordinary and compelling reason for compassionate release, compassionate release would still be inappropriate here." (Doc. # 650 at 6). Before granting compassionate release, the Court must determine that the defendant is not a danger to any other person or the community, U.S.S.G. 1B1.13(2), and that the 18 U.S.C. § 3553(a) factors favor early release. Notably, Section 3553(a)

4

requires the imposition of a sentence that protects the public and reflects the seriousness of the crime.

"The Court stands by its previous determination that Mr. Lewis is a danger to others and that the Section 3553(a) factors weigh against early release." (Doc. # 650 at 6); see also (Doc. # 536 at 4-5) (denying Mr. Lewis's first motion for compassionate release). As the United States correctly notes, Mr. Lewis was "involved in a string of violent armed robberies and a carjacking that placed multiple victims in fear for their lives and at risk of serious injury." (Doc. # 649 at 7-8). Furthermore, Mr. Lewis had multiple convictions prior to this case, including aggravated assault and drug crimes. (Id. at 8; Doc. # 536 at 4; Doc. # 665 at 22). His prison disciplinary record also reveals troubling conduct, including two incidents of fighting. (Doc. # 665 at 22; Doc. # 649 at 8; Doc. # 535-2). Mr. Lewis's rehabilitative efforts do not change the Court's conclusion that he would pose a danger to the community if released. "[R]eleasing Mr. Lewis before he has served even half of his sentence would not reflect the seriousness of his crimes or promote respect for the law." (Doc. # 650 at 6-7).

Because the Court was readily able to resolve this Motion, Mr. Lewis's request for appointment of counsel (Doc. # 661 at 6) is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Alden Bernard Lewis, Jr.'s pro se Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 661) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 9th day of August, 2024.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE